UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                            :
UNITED STATES OF AMERICA,        :        CASE NO. 1:11-cr-00391
                                            :
            Plaintiff,                 :
                                            :
vs.                                       :        OPINION & ORDER
                                            :        [Resolving Doc. No. 31]
THEODORE CRAWFORD,            :
                                            :
            Defendant.                :
                                            :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 8, 2011, the Lyndhurst, Ohio Police Department stopped Defendant Theodore Crawford for driving under a suspended license, inventoried his vehicle, and discovered evidence relating to recent bank robberies. On October 21, 2011, the Court held a hearing regarding Defendant Crawford's motion to suppress all physical evidence obtained in the vehicle inventory. For the following reasons, the Court **DENIES** Defendant Crawford's motion to suppress physical evidence.

I.      **Background**

After two Cleveland area bank robberies —one on July 21, 2011 in Lyndhurst, Ohio, and one on July 25, 2011 in Mentor, Ohio— an FBI investigation identified the getaway car as a grey Dodge Magnum. The FBI notified Lyndhurst and other local police departments about the car and sent photographs of the bank robbers: two black males. A subsequent tip identified one of the men as co-defendant Raymond Spears. Spears confessed and named Defendant Crawford as his accomplice.

Lyndhurst Police Officer Craig Brana spotted the Dodge Magnum the night of August 8,

Case No. 1:11-CV-00391
Gwin, J.

2011. Brana thought it was Theodore Crawford's car, based on the FBI information and license plate number. After running the registration, Brana confirmed it was Crawford's car, found that Crawford's driver's license was "under a non-compliance suspension," and initiated a traffic stop. [Doc. 38-1 at 4]. When Crawford could not produce a valid driver's license or other identification, Brana asked him to exit the car. While Brana patted down Crawford for weapons, two other officers arrived and started to inventory items inside the car. They identified a large number of items, including two pills that appeared to be Ecstacy; a t-shirt worn in the bank robberies; co-defendant Spears' cell phone; and a newspaper clipping about the Mentor robbery. [Doc. 38-1 at 2]. Some of the items were in the glove compartment, trunk, and a zipped duffle bag.

Brana finished the inventory search after transporting the car to the Police Station. [*Id.*] Defendant now moves to suppress all physical evidence from the entire inventory search.

## II.    Legal Standard

While the Fourth Amendment protects against warrantless searches and seizures, it does not prohibit them in all cases. *United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007). A warrantless but valid inventory search, permitting police to document items inside an impounded vehicle, does not violate the Fourth Amendment. *See South Dakota v. Opperman*, 428 U.S. 364, 373 (1976). To be valid, a warrantless inventory search requires that: (1) the vehicle is lawfully impounded; (2) the search's purpose is to protect police from theft accusations or danger, or protect the owner's property; and (3) the search is conducted in good faith, according to standard procedure. *Id.*

First, the vehicle must be lawfully impounded. *Id.* The impoundment must fit a previously adopted municipal impoundment policy. *See United States v. Hughes*, 420 F. App'x 533, 535 (6th Cir. 2011). A driver operating under suspended license is a lawful and reasonable cause to impound.

Case No. 1:11-CV-00391
Gwin, J.

*Id.* Because an inventory search is not investigatory, existence of probable cause is immaterial to its

reasonableness. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987).

Second, the search's purpose must be to protect the police department from theft accusations

or danger, or for protection of the owner's property. *Opperman*, 428 U.S. at 373. The inventory

search cannot be a mere ruse to conduct an investigative search.  Opening even sealed containers to

catalogue their contents safeguards both the police department's and the owner's interests. *See*

*United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998).

Third, the search must be conducted in good faith and according to standard procedure.

*Opperman*, 428 U.S. at 373. This ensures that the search is not pretext for criminal investigation.

*Tackett*, 486 F.3d at 232. Following established protocol, applying only the discretion necessary to

carry out the search, and stopping short of "rummaging" demonstrate good faith. *Id.* Police do not

"rummage" when searching sealed containers whose contents cannot be determined, regardless of

whether the officers personally suspected they contained criminal evidence. *Id.*

### III.    Analysis

Defendant Crawford fails to show that the Lyndhurst Police's search fell short on any of the

three required elements under the warrantless inventory search exception.

First, police lawfully impounded Defendant Crawford's car. Lyndhurst Police Department's

General Order 55.8.1, "Vehicles- Towing," says that the Police Department controls a vehicle whose

driver is "not possessing a valid drivers license." [Doc. 38-3]. After Officer Brana discovered

Crawford's license was suspended, the Lyndhurst Police lawfully impounded Crawford's car.

Second, the search protected both the Police and Defendant Crawford. Lyndhurst Police

Department's General Order 3.20, "Patrol Procedures: Vehicle Inventory," expressly states that

-3-

Case No. 1:11-CV-00391
Gwin, J.

Lyndhurst Police conduct inventory searches for two purposes: to protect both (1) "valuable property that might be inside"; and (2) the "Police Department from any unfounded claims of missing or damaged property." [Doc. 38-4]. The large number of items inside the car and its compartments made a thorough inventory important to protect both parties. [Doc 38-1].

Third, Lyndhurst Police conducted the inventory search in good faith and according to written procedures. Whether or not the officers suspected Crawford's car contained criminal evidence does not negate good faith. *Tackett*, 486 F.3d at 232. Crawford drove under suspended license, and that was sufficient to trigger Lyndhurst's impound and inventory policies. [Doc. 38-4].  Pausing the inventory to continue at the Police Station does not negate good faith: policy states that if inventorying is not practical at the incident scene, police may complete the inventory after towing the car. [Doc. 38-4 at Part 2.A.]. Brana used discretion in deeming it "[im]practical" to inventory the car outside and in the dark with so many personal items inside. [Doc. 38-1 at 4].

In support of his motion to suppress, the Defendant says that police "rummaged" through Crawford's car to conduct a criminal investigation and the car was not "forfeitable contraband." The search fell short of "rummaging," because officers opened the glove compartment, trunk, and duffle bag to accurately inventory the large number of items. The officers then properly documented all items on a departmental inventory form. [Doc. 38-1 at 2]. Inventory searches are non-investigatory and do not call for a probable cause analysis. *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007). Therefore, the Lyndhurst Police conducted a valid inventory search, and the Court will not suppress the physical evidence.

-4-

Case No. 1:11-CV-00391
Gwin, J.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant Crawford's motion to suppress

physical evidence obtained in the Lyndhurst Police's vehicle inventory search.

IT IS SO ORDERED.


Dated: October 26, 2011                          *s/          James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE