UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA          :
                                  :     CASE NO. 1:11-CR-00391-2
        Plaintiff,                :
                                  :
vs.                               :
                                  :     OPINION & ORDER
                                  :     [Resolving Doc. No. 61, 86]
THEODORE CRAWFORD                 :
                                  :
        Defendant.                :
                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Theodore Crawford moves the Court, for a second time, to suppress evidence found during an allegedly illegal search of Crawford's vehicle.[1] [Doc. 61.] The United States of America opposes the motion. [Doc. 75.] For the following reasons, the Court **DENIES** the Defendant's motion to suppress.

**I. Background**

In this case, the United States charges Crawford, and co-defendants Maurice Hewston and Shaniqwa Jackson, with conspiracy to commit and commission of bank robbery and with aiding and abetting such crimes in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d). As this is Crawford's second motion to suppress, many of the following facts are taken from the Court's prior order. *See* [Doc. 45. (denying Crawford's first motion to suppress).]

After two Cleveland area bank robberies—one on July 21, 2011 in Lyndhurst, Ohio, and one

---

[1] On December 30, 2011, Defendant Crawford filed a motion to submit supplementary case-law relating to this second motion to suppress. [Doc. 86.] Although the Court granted the motion to supplement, the additional case-law is unpersuasive.

-1-

Case No. 1:11-CR-00391-2
Gwin, J.

on July 25, 2011 in Mentor, Ohio—an FBI investigation identified the getaway car as a grey Dodge Magnum. On August 8, 2011, (after a community tip) the F.B.I. arrested Raymond Spears on suspicion of those bank robberies. Spears waived his Miranda rights, confessed to the July 21 and 25 robberies, and implicated Theodore Crawford, with his grey Dodge Magnum, as his getaway. Spears indicated that a male, "Young," and a female "Mercedes," also participated in the July 25, 2011, robbery.

Later that evening, Lyndhurst Police Officer Craig Brana spotted the gray Dodge Magnum. Brana thought it was Theodore Crawford's car, based on the FBI information and license plate number. After running the registration, Brana confirmed it was Crawford's car, found that Crawford's driver's license was "under a non-compliance suspension," and initiated a traffic stop. When Crawford could not produce a valid driver's license or other identification, Brana placed him under arrest for driving under suspension and on suspicion of the bank robberies. While Brana patted down Crawford for weapons, two other officers arrived and started to inventory items inside the car. [Doc. 61.] The search of the nearly-packed vehicle, *see* [Doc. 62-2], revealed a t-shirt and hat believed to have been worn in the bank robberies, co-defendant Spears' cell phone, and a black duffle bag containing a newspaper clipping about the Mentor robbery. *See* [Doc. 45]; [Doc. 38-1.] The black duffle bag also contained an envelope addressed to Maurice Hewston. Given the extraordinary number of items in the vehicle, the officers had it towed to the Lyndhurst Police Station where the inventory search continued. The vehicle was later transferred to a private storage lot.

On October 5, 2011, Crawford filed a motion for return of property and the government agreed to return the vehicle, which had unpaid liens. A Lyndhurst police officer informed Crawford

Case No. 1:11-CR-00391-2
Gwin, J.

that he could retrieve his vehicle from the private storage lot, but Crawford could not pay the required storage and towing fees. Consequently, the private lot transferred the vehicle to the lien holder, Auto Rite Auto Sales.

On November 1, 2011, during a 'potential trial evidence' display at the Lyndhurst police station, the parties realized that the black duffle bag, along with its incriminating contents, had been returned to the Dodge Magnum, now in Auto Rite's possession. Coincidentally, the day before, October 31, 2011, Raymond Spears provided more information on his heretofore unnamed co-conspirators: Spears identified "Young" as Maurice Hewston; provided Hewston's cell phone number and address; identified "Mercedes," or "Shay," as the mother of Hewston's child (and that the two had been in a domestic dispute that required the involvement of law enforcement). Spears also told law enforcement that Hewston had been evicted and that Hewston was storing his personal property, including the black duffle bag, in Crawford's Dodge Magnum. [Doc. 75.]

After the evidence display, Crawford contacted Auto Rite to recover the property inside the Dodge Magnum. The Auto Rite proprietor told Crawford he could come recover personal property at any time, and could obtain release of the vehicle if he had the funds. On November 2, 2011, FBI Task Force Officer Daniel Comerford also contacted Auto Rite, which told him that the car remained on the lot. The Auto Rite proprietor told Officer Comerford that Crawford, too, was planning to stop by that day to retrieve items from the car.

Apparently faster than Crawford, Officer Comerford made it to Auto Rite first and—after obtaining Auto Rite's consent—retrieved the black duffle bag and several hats from the Dodge Magnum. The contents of the black duffle bag further confirmed the name of the other male co-conspirator, Maurice Hewston, and further identified "Shay" as Shaniqwa Jackson. On November

Case No. 1:11-CR-00391-2
Gwin, J.

22, 2011, a Grand Jury returned a superceding indictment charging Crawford, Hewston, and Jackson with having participated in the bank robberies.[2]

Crawford filed a motion to suppress all evidence obtained from the November 2, 2011, search and any statements obtained as a result of that search. Claiming that it is tainted evidence, Crawford also moves the court to prohibit Hewston and Jackson from testifying against him at trial.[3] [Doc. 61.] The Court heard argument on the motion on December 16, 2011, and now denies Crawford's motion.

## II. Analysis

Crawford, largely ignoring the well-established vehicle exception to the warrant requirement, insists that the law enforcement officers were required to obtain his consent to search the vehicle. Crawford's motion to suppress fails for three reasons: 1) probable cause to search the vehicle; 2) consent of the lien holder; and 3) independent knowledge.

The Fourth Amendment's requirement that law enforcement secure a warrant prior to conducting a search, *Maryland v. Dyson*, 527 U.S. 465, 466 (1999), applies far less stringently to the search of motor vehicles. *See, e.g.*, *Carroll v. United States*, 267 U.S. 132, 153-54 (1925). Indeed, as "the Supreme Court has emphasized," "no special exigency is required to conduct a warrantless search of an automobile when the car is mobile and the searching officer has probable cause to believe that fruits of a crime may be present in the automobile." *United States v. Graham*, 275 F.3d 490, 509-10 (6th Cir. 2001) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). Moreover, the

---

[2] Spears, who had already pleaded guilty, was n ot named

[3] Jackson and Hewston have not definitively indicated that they will testify at trial. Because the facts and arguments are intertwined, however, it seems prudent to simply address the issue now.

-4-

Case No. 1:11-CR-00391-2
Gwin, J.

mobility aspect of the car implicates society's "lesser expectation of privacy" in a car than in a home, *id.* at 510, and "if the police have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct either an immediate or a delayed search of the vehicle." *California v. Acevedo*, 500 U.S. 565, 570 (1991).

Although Crawford argues that probable cause cannot justify the search of his vehicle, he notably does not argue that there was not "a fair probability that contraband or evidence of a crime [would] be found" in the Dodge Magnum. *United States v. King*, 227 F. 3d 732, 739 (6th Cir. 2000) (defining probable cause). The exact opposite is true. It is undisputable that the Officer Comerford had probable cause to believe that the Dodge Magnum, and the black duffle bag, contained evidence of the bank robberies. The day before confession from Spears had identified Hewston as a co-conspirator, and that Hewston owned the black duffle bag. But even before that date, Lyndhurst police had noted the presence of the black duffle that it contained a letter addressed to Hewston. Accordingly, the November 2, 2011, search of the vehicle based on probable cause, did not require a warrant and did not violate the Fourth Amendment.

Furthermore, consent of the lien holder, Auto Rite, validates the search. The government may validate a warrantless search by proof of voluntary consent with proof that "permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *U.S. v. Matlock*, 415 U.S. 164, 171-72 (1974). And consent to a search, based on apparent authority to do so, "is valid if 'the facts available to the officer at the moment ... [sic] warrant a man of reasonable caution in the belief that the consenting party had authority over the premises.'" *United States v. Jenkins*, 92 F.3d 430, 436 (6th Cir. 1996) (alteration in *Jenkins*) (citing *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990)).

Case No. 1:11-CR-00391-2
Gwin, J.

Although ownership is not the hallmark of common authority, *United States v. Waller*, 426 F. 3d 838, 845, given the unpaid liens, Auto Rite possessed "exclusive control" over the Dodge Magnum. *See United States v. Clutter*, 914 F. 2d 775, 778 (6th Cir. 1990). When Officer Comerford went to search the Dodge Magnum, he understood it to be under the authority and control of Auto Rite, not Mr. Crawford. Accordingly, the officer believed, both reasonably and correctly, that the Auto Rite proprietor had authority to consent to the search of the vehicle on November 2, 2011. Because the November 2, 2011, search of Crawford's vehicle did not violate his Fourth Amendment rights, his motion to suppress fails.

Finally, even an invalid search would not require preemptive exclusion of co-conspirator Hewston and Jackson's testimony against Crawford. "The inevitable discovery exception to the exclusionary rule applies when the government can demonstrate either the existence of an independent, untainted investigation that inevitably would have uncovered the same evidence or other compelling facts establishing that the disputed evidence inevitably would have been discovered." *United States v. Kennedy*, 61 F.3d 494, 499 (6th Cir.1995).

On October 31, 2011, co-conspirator Spears identified Maurice Hewston as the male co-conspirator and provided law enforcement with information that could easily identify Shaniqwa Jackson as the otherwise-known-as "Shay" or "Mercedes." Officer Comerford testified that the extensive details Spears provided about Shay and Hewston would have led, by "routine procedures that police would have used regardless of the illegal search," *United States v. Keszthelyi*, 308 F. 3d 557, 574 (6th Cir. 2002), to the identification of those co-conspirators. Accordingly, the discovery of Jackson and Hewston's identities—and their potential testimony—was inevitable.

Case No. 1:11-CR-00391-2
Gwin, J.

    For the foregoing reasons, the Court **DENIES** the Defendant's motion to suppress.

    IT IS SO ORDERED.


Dated: January 9, 2012                      s/ *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE