UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
THEODORE CRAWFORD,                      :
                                        :    CASE NO. 1:11-CR-00391-2
              Petitioner,               :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Doc. No. 144]
UNITED STATES OF AMERICA,               :
                                        :
              Respondent.               :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Petitioner Theodore Crawford moves, *pro se*, to vacate his conviction for armed bank robbery and conspiracy to commit armed bank robbery.[1] Crawford says that his counsel was constitutionally deficient in four ways.[2] The United States opposes Crawford's motion.[3] For the following reasons, the Court **DENIES** Crawford's motion.

**I. Factual and Procedural Background**

As part of Petitioner Crawford's conditional plea of guilty in this case, Petitioner agreed that he had engaged in the following conduct:

On July 21, 2011, Petitioner drove Raymond Spears to a Chase Bank in Lyndhurst, Ohio. Spears entered the bank and gave a teller a note that said Spears had a gun and a bomb and that demanded money. Spears also showed a device that appeared to be a bomb. Spears took over $3,000

---

[1] Doc. 144.
[2] *Id.*
[3] Doc. 153.

Case No. 1:11-CR-00391-2
Gwin, J.

from the bank. Petitioner then drove Spears away from the bank and split the proceeds with him.[4/]

On July 25, 2011, Petitioner and the three others—Raymond Spears, Maurice Hewston, and Shaniqwa Jackson—met at Petitioner's house and agreed to rob a bank. Petitioner drove them all to a Third Federal Savings and Loan Bank in Mentor, Ohio. Jackson entered the bank to assess its suitability for a robbery, but the four agreed not to rob that bank.

Petitioner then drove them all to a Home Savings and Loan Bank in Mentor, Ohio, where Petitioner entered the bank and assessed its suitability for a robbery. Spears and Hewston then entered the bank and gave two different tellers notes that said they each had a bomb and that demanded money. Spears showed his teller a device that appeared to be a bomb.

Spears and Hewston received over $6,000 and left the bank. Petitioner drove them away, and Spears and Petitioner split the money Spears had taken from his teller.[5/]

On August 11, 2011, the United States filed a complaint against Petitioner for the July 25 robbery.[6/] On August 18, 2011, Petitioner was granted bail.[7/] On August 31, 2011, a grand jury indicted Crawford on two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) for the July 21 and 25 robberies.[8/]

On October 11, 2011, Crawford moved to suppress evidence discovered during an inventory

---

[4/] Doc. 126 at 9:3-22 (change of plea hearing) (setting out the factual basis for Count 1 of the superseding indictment and Petitioner admitting the truth of that factual basis), 11:24-12:5 (describing the device Spears showed).

[5/] *Id.* at 9:24-11:14 (setting out the factual basis for Counts 2 and 3 of the superseding indictment and Petitioner admitting the truth of that factual basis).

[6/] Doc. 1.

[7/] Docket Entry dated August 18, 2011.

[8/] Doc. 8.

Case No. 1:11-CR-00391-2
Gwin, J.

search of his car.[9/]  The Court denied the motion.[10/]

On November 22, 2011, the grand jury issued a superseding indictment that charged Petitioner with one count of armed bank robbery or aiding and abetting the bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) for the July 21 robbery; one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 for the July 25 robbery; and one count of armed bank robbery or aiding and abetting the bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) for the July 25 robbery.[11/]

On December 2, 2011, Petitioner filed a second motion to suppress evidence discovered as a result of a second search of his car.[12/]  The Court denied this motion as well.[13/]

On January 17, 2012, Petitioner conditionally pleaded guilty to the charges in the superseding indictment while reserving the right to appeal the Court's suppression rulings.[14/]

During the change of plea hearing, the Court told Petitioner Crawford that "if you're convicted of these offenses they can have major impact on your ability to remain in the United States.  And having committed these crimes, you would be subjected to immediate deportation, and you would be forbidden from entering the United States again without the specific approval of the United States Attorney General or his designees, or the Department of Homeland Security."[15/]  Crawford said he

---

[9/] Doc. 31.  Crawford also moved to suppress bank surveillance photographs and the contents of electronic devices. Docs. 30 & 32.  Based on the representation of the United States, the Court denied those motions as moot.  Docs. 42 & 46.
[10/] Doc. 45.
[11/] Doc. 55.
[12/] Doc. 61.
[13/] Doc. 97.
[14/] Doc. 101.
[15/] Doc. 126 at 5:4-11 (change of plea hearing).

Case No. 1:11-CR-00391-2
Gwin, J.

understood the nature of the charges against him and the possible penalties.[16]

The Court accepted the plea of guilty and, on April 5, 2012, sentenced Petitioner to 57 months of incarceration on each count, to be served concurrently, and three years of supervised release.[17]

At the sentencing hearing, Crawford's counsel, John Gibbons, objected to a Guidelines enhancement for the use of a dangerous weapon and asked the Court to consider a downward departure given Crawford's limited role in the crimes.[18]

The Court overruled the objection as to the dangerous weapon.[19] The Court did not grant a departure based on Crawford's role,[20] but the Court did consider the nature of Crawford's actions in imposing a sentence at the low end of the Guidelines range.[21] The Court also observed that Crawford was "likely" to lose his right to remain in the United States.[22]

On April 13, 2012, Petitioner's counsel, John Gibbons, timely filed a notice of appeal.[23] On April 8, 2013, the Court of Appeals affirmed this Court's decision on the second motion to dismiss, the only issue on appeal.[24]

---

[16] *Id.* at 5:13-18.
[17] Docs. 108 (minutes of sentencing hearing), 113 (judgment).
[18] Doc. 124 at 4:11-17 (sentencing hearing).
[19] *Id.* at 6:25-7:16.
[20] *Id.* at 13:25-14:11.
[21] *Id.* at 19:25-20:6 ("The only thing that works to a minor degree to your benefit on the variance or the sentence issue is the fact that I think there is some minor lesser degree of culpability associated with the driver than the person who actually goes in and threatens the tellers. You are both criminally culpable, but at least, I observe it as somewhat of a lesser role").
[22] *Id.* at 20:13-17.
[23] Doc. 115.
[24] Doc. 139.

Case No. 1:11-CR-00391-2
Gwin, J.

On August 30, 2013, Petitioner Crawford filed this motion under 28 U.S.C. § 2255.[25] Crawford says that his counsel, John Gibbons, was constitutionally deficient in four ways: 1) Gibbons failed to argue for a reduced sentence based on Crawford's limited role; 2) Gibbons failed to sufficiently argue to suppress the evidence seized from Crawford's car; 3) Gibbons failed to argue that Crawford could not have committed armed robbery because Crawford was not armed and merely drove a car; and 4) Gibbons did not advise Crawford about the immigration consequences of a conviction.[26]

The United States opposes the motion.[27]

## II. Legal Standard

### A. Section 2255 Motion

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;

2) That the court was without jurisdiction to impose such sentence;

3) That the sentence exceeded the maximum authorized by law; or

4) That the sentence is otherwise subject to collateral attack.[28]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error

---

[25] Doc. 144.

[26] *Id*. The last claim of ineffective assistance is unclear from Crawford's initial petition, but Crawford's reply makes clear that he challenges Gibbons's advice as to the possibility of being deported. *See* Doc. 165 at 4-6, 11-13.

[27] Doc. 153.

[28] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).

Case No. 1:11-CR-00391-2
Gwin, J.

of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[29]

### B. Ineffective Assistance of Counsel

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test. First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[30] Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."[31]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[32] The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[33]

### III. Analysis

The Court finds that Crawford's four claims of ineffective assistance of counsel all lose.

### A. Minor Participant

Crawford says that his attorney, John Gibbons, did not "argue effectively" that Crawford was

---

[29] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).
[30] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[31] *Id.* at 689.
[32] *Id.* at 687.
[33] *Id.* at 694.

Case No. 1:11-CR-00391-2
Gwin, J.

a "minor participant" so that he could receive a lesser sentence.[34]

Gibbons asked the Court to grant a variance under the Guidelines due to Crawford's minor role in the robberies, and the Court engaged both parties in a lengthy argument about whether Crawford's conduct was less culpable.[35] The Court ultimately denied Gibbons's motion for the variance, but the Court noted that Gibbons had "made a good argument" and found it to be a close question.[36]

The fact that Gibbons lost does not mean he was deficient.[37] Crawford offers no arguments that Gibbons could have made to the Court as an example of how Gibbons was deficient. Petitioner merely asserts that because he only drove the getaway car, he had a minor role. Attorney Gibbons raised, and the Court rejected, that argument.

Accordingly, Crawford cannot show Gibbons was deficient on this issue.

**B.    Suppression of Evidence**

Petitioner Crawford similarly argues that Gibbons did not argue effectively enough in support of the motions to suppress the evidence discovered in Crawford's car.[38]

Gibbons filed two motions to suppress the evidence discovered in Crawford's car.[39] The Court held two hearings on the issue where it heard evidence and argument.[40] The Court ultimately denied

---

[34] Doc. 144 at 4.
[35] Doc. 124 at 4:14-17, 7:19-13:24 (sentencing hearing).
[36] *Id.* at 13:25-14:7.
[37] *See Slusarski v. Quarles*, No. 88-1683, 1989 WL 83202, at *2 (6th Cir. July 26, 1989) ("Counsel's performance cannot be considered deficient simply because he lost the argument.").
[38] Doc. 144 at 5.
[39] Docs. 31, 61.
[40] Docs. 41, 79.

Case No. 1:11-CR-00391-2
Gwin, J.

the motions.[41]

Gibbons appealed the Court's ruling on the second motion on behalf of Petitioner Crawford, but the Court of Appeals found that there was probable cause to support the warrantless search, satisfying the automobile exception to the Fourth Amendment's warrant requirement.[42]

The fact that Gibbons lost does not mean he was ineffective. He diligently pursued the claims but was ultimately unsuccessful. Crawford identifies no additional arguments that Gibbons should have made beyond general statements about the Fourth Amendment and inapplicable Fourth Amendment doctrines.[43]

Therefore, Crawford cannot show Gibbons was deficient on this issue.[44]

**C.     "Armed" Robbery**

Crawford says that Attorney Gibbons failed to argue that Crawford could not be guilty of armed robbery because he only drove the getaway car and never possessed a weapon.[45]

Crawford's argument is based on a misunderstanding of the charges against him. In Counts 1 and 3, Crawford was charged with both a violation of 18 U.S.C. § 2113(a) and a violation of 18 U.S.C. § 2.[46]

Title 18 United States Code section 2(a) states that a defendant who aids and abets a person

---

[41] Docs. 45, 97.

[42] Doc. 139.

[43] Doc. 165 at 6 (discussing the search incident to arrest doctrine), 7-8 (general Fourth Amendment case law), & 10 (text of Fourth Amendment).

[44] Crawford refers to the fact that he asked Gibbons to file a petition for certiorari with the United States Supreme Court. Doc. 144 at 5. Failing to file a petition for certiorari would not qualify as constitutionally deficient conduct because criminal defendants are not constitutionally entitled to assistance of counsel in filing petitions for certiorari. *Nichols v. United States*, 563 F.3d 240, 249-50 (6th Cir. 2008).

[45] Doc. 144 at 6-7.

[46] Doc. 55.

Case No. 1:11-CR-00391-2
Gwin, J.

who commits a federal crime is criminally liable just as if the defendant committed the crime himself. Crawford aided and abetted Spears in both robberies. So if Spears committed the crime of armed robbery at each bank, Crawford would be criminally liable as well.

Title 18 United States Code section 2113(a) makes it a crime to take money in the care of a bank by intimidation from the presence of another. Although the crime is commonly referred to as armed bank robbery,[47] one does not need to be armed to violate this statute. Spears used the threat of a weapon—a bomb or gun—to intimidate a teller into giving him money from the bank.

Spears was therefore criminally liable under § 2113(a), and Crawford was criminally liable under § 2(a) for aiding and abetting Spears.

To be guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, as charged in Count 2, Crawford only needed to enter into an agreement to achieve the ends of the conspiracy and for one of the conspiracy members to perform an overt act in furtherance. Crawford agreed to rob a bank, and all four of the conspiracy members performed overt acts in furtherance of the conspiracy.[48] Therefore, he may also be held criminally liable for the conspiracy.

Because Crawford's argument loses, Gibbons was not constitutionally deficient in failing to present it to the Court. Gibbons did object to a Guidelines enhancement for the use of a dangerous weapon during the sentencing, but the Court overruled the objection after brief argument.[49]

Therefore, Crawford cannot show that Gibbons was deficient on this issue.

---

[47] *See* Doc. 113 (judgment).

[48] In this case, the overt acts were driving to the two banks together, entering both banks to investigate their security, and actually robbing the banks.

[49] Doc. 124 at 4:11-7:16 (sentencing hearing).

Case No. 1:11-CR-00391-2
Gwin, J.

### D. Immigration Status

Crawford says that Gibbons induced Crawford to plead guilty by telling Crawford that Gibbons did not think that Crawford would be deported.[50]

According to Petitioner, Gibbons told him that Gibbons did not think Crawford would be deported because he had received bail.[51] Petitioner says that Gibbons made this statement "[a]fter Crawford was granted bail."[52]

To show that he was prejudiced by the allegedly deficient advice Petitioner says Gibbons gave him about the immigration consequences of the charges against him, Petitioner must show that "a decision to reject the plea bargain would have been rational under the circumstances."[53]

Here, Petitioner cannot show that rejecting the plea bargain would have been rational under the circumstances. The Court of Appeals has affirmed the admissibility of the incriminating evidence that was discovered in Petitioner's car. And Petitioner's argument that he cannot be criminally liable for armed bank robbery if he was only the getaway driver loses for the reasons the Court mentioned above. Petitioner has provided no plausible theory under which he could have avoided a conviction on these charges.

Even if the Court assumes that Gibbons did make the statement, that Gibbons did not correct himself in the four months between the grant of bail and the plea of guilty, and that the Court's plea colloquy with Petitioner did not cure any error, Petitioner still cannot show that he had a reasonable

---

[50] Doc. 165 at 4-6, 11-13.
[51] *Id.* at 4, 11-12.
[52] *Id.* at 4.
[53] *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Case No. 1:11-CR-00391-2
Gwin, J.

likelihood of achieving a different result at trial. Therefore, Crawford cannot show that counsel was deficient on this issue.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Crawford's motion under 28 U.S.C. § 2255. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[54]

IT IS SO ORDERED.

Dated: January 7, 2014                                s/    *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[54] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

-11-