UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

THEODORE CRAWFORD, :
: CASE NO. 1:11-CR-00391-2
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 169]
UNITED STATES OF AMERICA, :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 7, 2014, this Court denied Petitioner Theodore Crawford's *pro se* motion under 28 U.S.C. § 2255.[1] Petitioner Crawford now moves the Court to reconsider its order under Federal Rule of Civil Procedure 59(e).[2] Specifically, Petitioner Crawford says that the Court erred by denying him relief on the grounds that his attorney failed to advise him of the immigration consequences of his guilty plea.[3]

In Crawford's original motion and reply, Crawford argued that after the Court granted Crawford bail, his attorney told him that he "doubted" that Crawford would get deported.[4] Crawford argued that this advice was constitutionally deficient and warranted vacating his conviction.[5]

The Court rejected Crawford's claim because, even assuming that Crawford's attorney was deficient and did not properly advise Crawford of the immigration consequences of his guilty plea,

---

[1] Doc. 166.
[2] Doc. 169.
[3] *Id.*
[4] Doc. 165 at 4-6, 11-13.
[5] *Id.*

Case No. 1:11-CR-00391-2
Gwin, J.

"Petitioner cannot show that rejecting the plea bargain would have been rational under the circumstances."[6]

Petitioner Crawford now says that the Court erred for three reasons. First, "Crawford accepted the plea 'only' due to counsel's advice to Crawford not being deported."[7] Second, the Court should have construed Crawford's pleadings liberally.[8] And third, the United States did not provide any evidence from Crawford's attorney despite requesting an extension on its response to speak with the attorney.[9]

In denying Crawford relief on this claim, the Court assumed—without deciding—that Crawford's attorney did not accurately advise Crawford about the immigration consequences of his guilty plea.[10]

However, under *Strickland v. Washington* and *Padilla v. Kentucky*, a petitioner claiming his attorney did not advise him of his guilty plea must show not only that counsel's performance was deficient, but also that "a decision to reject the plea bargain would have been rational under the circumstances."[11] For purposes of the decision, the Court assumed that Crawford could show his attorney's performance was deficient, but found that Crawford was not prejudiced by that alleged deficiency.

---

[6] Doc. 166 at 10.
[7] Doc. 169 at 2.
[8] *Id.* at 2-3.
[9] *Id.* at 3. Crawford did not allege that his attorney provided him inaccurate advice about the immigration consequences of his guilty plea until his reply brief. Instead, in his motion, Crawford stated that his counsel was deficient for failing to argue that Crawford was "an American in all aspects," even though he was legally a Jamaican citizen and not an American citizen. Doc. 144 at 8.
[10] Doc. 166 at 10 ("Even if the Court assumes that gibbons did make the statement, that Gibbons did not correct himself in the fourt months between the grant of bail and the guily plea, and that the Court's plea colloquy with petitioner did not cure any error . . .").
[11] *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Case No. 1:11-CR-00391-2
Gwin, J.

In his original motion and reply, Crawford made several arguments as to why he could not have been convicted of the crimes he pled guilty to, but the Court rejected all of his challenges. In his motion for reconsideration, Crawford does not provide any additional argument or reason as to how he could have been acquitted at trial given the evidence against him.

Therefore no basis exists for the Court to conclude that rejecting the plea agreement was reasonable under the circumstances. So Crawford cannot show he was deprived of the effective assistance of counsel under the Sixth Amendment to warrant vacating his conviction.

For these reasons, the Court **DENIES** Crawford's motion for reconsideration. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[12]

IT IS SO ORDERED.

Dated: January 21, 2014                    s/       *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

-3-